UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEISON DELGADO VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-03056-TLN-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

On April 22, 2026, the district court granted Petitioner's ex parte motion for a temporary restraining order and directed Respondents to immediately release Petitioner under the same conditions he was released on prior to his current immigration detention.  ECF No. 7.  The Court further enjoined and restrained Respondents from re-arresting or re-detaining Petitioner absent compliance with certain constitutional protections.  ECF No. 7.  Respondents were directed to file any request for modification or dissolution of the TRO in compliance with Rule 65(b)(4) of the Federal Rules of Civil Procedure.  ECF No. 7.

Respondent filed an opposition to the § 2241 petition on April 28, 2026 and Petitioner

1

filed a reply.  ECF Nos. 10-11.  Therefore, the matter has been fully briefed.

**II.      Analysis**

For the reasons indicated in the Court's minute order granting a TRO, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on the violation of his Fifth Amendment right to due process.  See Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the Fifth Amendment procedural due process claim only.

2.  The TRO previously granted be converted to a permanent injunction.

3.  All pending motions, if any, be denied as moot.

4.  The Clerk of Court enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2